UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.:  8:05-cr-447-T-23MAP

JARRETT CANNION
_____/

## **ORDER**

An October 19, 2005, indictment (Doc.1) charges Jarrett Cannion in count

two with distribution of five or more grams of cocaine base in violation of 21 U.S.C.

§ 841(a)(1) and 841(b)(1)(B)(iii) and in count four charges Cannion and Ronnie

Broughton with conspiracy to distribute, and to possess with the intent to distribute,

fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and

841(b)(1)(A)(iii).  On May 10, 2007, the United States filed the "Government's

Information and Notice of Prior Convictions" (Doc. 58), which purports to provide as

required in 21 U.S.C. § 851(a)(1) the informational predicate that triggers the operation

of 21 U.S.C. § 841(b), which provides a "mandatory term of life imprisonment without

release" for anyone who "commits a violation of [Section 841(b)] . . . after two or more

prior convictions for a felony drug offense. . . ."  The "notice of prior convictions" states:

> The defendant's prior convictions relied upon in filing this information
> include the following:  (1) April 29, 1992, conviction for felony possession
> of cocaine in the Thirteenth Circuit Court in Tampa, Florida; and
> (2) January 25, 2002 conviction for felony possession with intent to
> distribute cocaine in the Seventeenth Circuit Court in Ft. Lauderdale,
> Florida.

On July 9, 2007, a venire was assembled, and the United States and Cannion

appeared for trial.  However, Cannion announced his decision to plead guilty to both

count two and count four of the indictment.  While the venire waited in the jury assembly

room, Cannion was promptly re-arraigned, including a lengthy dialogue conducted by

the district judge.  At the outset of the re-arraignment dialogue, this exchange occurred:

> The Court: I understand as a result of talking with Mr. Murray and Mr. Kingston a moment ago that you may prefer to plead guilty to the charges against you.  I see you nodding your head. Have you decided to plead guilty to these charges?
>
> The Defendant: Yes, sir.  I decided to plead guilty in the very beginning.
>
> The Court: I see.
>
> The Defendant: I wasn't trying to come to trial in the very beginning, but I was facing a life sentence.
>
> The Court: Yes, sir.
>
> The Defendant: And didn't understand why.  So I rather have found out from the judge himself, you know, before I plea.
>
> The Court: Yes, sir.  Well, there is [a] sort of formal procedure that we go through in the course of accepting a plea of guilty.  The lawyers call it "re-arraignment," but it's pleading guilty.
>
> But before we get started on that, perhaps we should directly answer your question.  First of all, I've never met you before right now and I don't know anything about your case except what I've read in the papers that have been filed.  In other words, I don't [know] the details of what you're charged with or what happened on the day or night of the events.
>
> But I have looked at the indictment and the charges that are contained in that indictment and discussed with counsel, and it does appear to me that if you plead guilty to these charges because of past convictions that you have had and the nature of thee offenses that the required sentence is one of life.
>
> Perhaps it would be useful for the United States to state more specifically the basis for the statutory requirement that this defendant receive a life penalty under the circumstances of this case.  Would you like to elaborate that, Mr. Murray?

Mr. Murray:  Yes, Your Honor.  As indicated in our notice filed under 21 U.S.C. § 851, it is our position that the defendant has two prior felony drug convictions:  One of which was a 1991 conviction, felony possession of cocaine.  The other one was, I believe, a 1997 conviction, also possession of cocaine and marijuana, Your Honor.

       [The] specifics of those convictions are included in our enhancement notice and based on those two prior felony drug convictions it is our position that he is subject to a mandatory minimum term of life, as this offense involved more than 50 grams of crack cocaine.

The Court:  Mr. Cannion, as I say, I don't know anything about you.  I don't know whether you had prior felony convictions or not.  I think that you should assume that if you do have those convictions that your mandatory sentence would be life.

The Defendant: I understand.  One of those convictions was in 2000, not in '97.  The actual conviction was in -- the actual charge was in '89 and I was a juvenile.  The one in 2000, I've been trying to file a writ of coram nobis to go back and fight that charge because under circumstances that my children was tooken away, I pled no contest.  So I was actually going to trial on that charge until I found out about the State taking my kids.  So I pled out to it.

The Court:  Mr. Cannion, I want to be as careful as I can that you and I understand one another.

The Defendant: Okay.

The Court:  Let me try to say this this way:  I don't know when your convictions were or what they were, and I'm not going to decide that today.  If you plead guilty, a sentencing will be held on another day.  Maybe the prosecutor is right; maybe the prosecutor is wrong.  Maybe you've got the convictions and maybe there's some way to attack them.  Again, I can't know that and I can't decide those questions today.

       What it is important for me to tell you and to make sure you know is that you are looking at the possibility, probability, or maybe even the certainty of a life sentence given this set of circumstances that the prosecutor assumed.

> I am sure Mr. Kingston can explain this to you more clearly than I can, or at least at more length, but you must assume in deciding whether to plead guilty that you face a life sentence.  I am not sentencing you to life today.  The sentencing is on another day.  If there are issues, we'll decide them then.  For the purpose of deciding today whether to plead guilty, you have no choice but to assume that you will -- that the penalty would be life, even though, if some unforeseen event occurs, perhaps, some other thing might occur.  I can't foresee that.  You should assume that your penalty will be life.

The Defendant:  Yes, sir.

The Court:  So do you think you understand that so far?

The Defendant:  Yes, I understand so far.

(Transcript at 2-6)

The re-arraignment concluded with the acceptance of Cannion's plea of guilty to count two and count four and an adjudication of Cannion's guilt on each count. (Doc. 81)  Immediately after the re-arraignment, the district court scheduled (Doc. 82) Cannion's sentencing for October 5, 2007, and later re-scheduled the sentencing for December 19, 2007.  (Docs. 82, 86)  On September 24, 2007, in anticipation of the October 5th sentencing, the United States filed the "Government's Amended Information and Notice of Prior Convictions" (Doc. 83), which amends the earlier notice (Doc. 58) as follows:

> Based on the above, the defendant's prior convictions relied upon in filing this amended information and notice are:  (1) March 8, 1993, conviction for felony possession of cocaine in the Thirteenth Circuit Court in and for Hillsborough County, Florida; and (2) January 25, 2001, conviction for felony possession of cocaine in the Seventeenth Circuit Court in and for Broward County, Florida.

The amended notice explains and corrects three errors in the original notice with respect to the two predicate offenses, one in Hillsborough County, Florida, and one in Broward County, Florida.  Also, the state criminal judgments in the two predicate offenses are attached to the amended notice.

First, April 29, 1992, specified in the earlier notice for the Hillsborough County conviction for possession of cocaine, was the day the defendant was placed on community control after a plea of nolo contendere and not the day of his later sentencing, an event that occurred on March 8, 1993, and that was triggered by Cannion's violation of the terms of his community control.  In short, even if the United States' earlier notice specifies the wrong date, the notice refers to the right case.  The amended notice correctly specifies March 8, 1993, the day of the sentencing, as the date of the Hillsborough County conviction for possession of cocaine, Cannion's first predicate felony.  (As noted below, a nolo contendere plea followed by a withheld adjudication qualifies as a predicate offense.)

Second, the earlier notice incorrectly designates the Broward County predicate offense as "possession of cocaine with intent to distribute" rather than the lesser included offense of "possession of cocaine," which correctly appears in the amended notice as Cannion's second predicate offense.

Third, the earlier notice incorrectly designates January 25, 2002, rather than January 25, 2001, as the day of the Broward County predicate offense.  The amended notice correctly identifies the year as 2001.

On November 16, 2007, Cannion objected (Docs. 87, 88) to the United States' amended notice of prior convictions and asserted that because the earlier notice was

defective and because the amended notice was allegedly untimely (that is, filed after

Cannion's re-arraignment) the district court lacks "jurisdiction" to enter an enhanced

sentence under Section 841(b).  Cannion on December 7, 2007, amended (Doc. 93) the

objection and asserted additionally that the offenses upon which the United States relies

in the amended notice are not "qualifying offenses" under Section 841(b) and:

> . . . that the prior convictions referenced in the Government's information
> and amended information were obtained in violation of the Constitution of
> the United States based on the fact that the defendant's counsel were
> ineffective and/or that the pleas entered were not entered knowingly,
> voluntarily or intelligently after effective advice from counsel or the requisite
> interrogation of Mr. Cannion by the state court judge.

The scheduled sentencing was continued (Docs. 86, 90) and on December 20,

2007, as prescribed in 21 U.S.C. § 851(c)(1), a hearing occurred "to determine any

issues raised by the response which would except the person from increased

punishment."  (Docs. 91, 96)

## DISCUSSION

Cannion first argues that the Section 851 information is defective and deprives

the district court of "jurisdiction" to enhance his sentence.[1]  Analysis begins with Section

851, which states in pertinent part:

> No person who stands convicted of an offense under this part shall be
> sentenced to increased punishment by reason of one or more prior
> convictions, unless before trial, or before entry of a plea of guilty, the United
> States attorney files an information with the court . . . stating in writing the
> previous conviction to be relied upon. . . .  ***Clerical mistakes in the***

------

[1] Whether the absence of a conforming Section 851(a)(1) information creates a want of
"jurisdiction" (rather than a mere want of authorization) is an issue earnestly contested among the courts
of appeals.  See e.g., United States v. Harris, 149 F.3d 1304, 1306 (11th Cir. 1998) ("a district court lacks
jurisdiction to enhance a sentence unless the government strictly complies with the procedural
requirements of Section 851(a)"); United States v. Flowers, 441 F.3d 900 (10th Cir. 2006); United States v.
Severino, 268 F.3d 850 (9th Cir. 2001); United States v. Steen, 55 F.3d 1022 (5th Cir. 1995).

> ***information may be amended at any time prior to the pronouncement of sentence.***

(emphasis added)

In this instance, the United States filed an information, although a clerically erroneous information, before the defendant's entry of a plea of guilty.  After the re-arraignment, the United States amended the Section 851 information by correcting the clerical deficiencies and appending to the information copies of the state criminal judgments on which Section 841(b) enhancement depends.  Because the clerical errors are corrected but the sentence is not yet pronounced, the Section 851 information complies with the pertinent statute and suffices to trigger the authority to enhance a sentence under Section 841(b)(1)(A).

Even if uncorrected, the initial Section 851 information complies with the requirements of United States v. Perez, 249 F.3d 1261 (11th Cir. 2001), which requires that a Section 851 notice include "sufficient details such as to give the defendant notice of the prior conviction relied upon by the government" and "to signal unambiguously the government's intent to seek an enhancement based on a particular prior conviction." 249 F.3d at 1265.  The initial information accomplishes this clumsily and the amended information accomplishes this flawlessly.  Although each of the two parts of the initial information contains clerical error, the identification of the convictions to which the information refers is not difficult or dicey.  Although the law requires strict compliance with the requirement of Section 851 to file an information as a condition of enhancing a sentence under Section 841(b), both the decisional precedent and the statute itself (by its allowance of amendment) provide some leeway for committing and correcting clerical

error in the information, once filed in compliance with the statute.  United States v. Lee, ___ Fed. Appx. ___, 2008 WL 583793 (11th Cir. March 5, 2008); United States v. Corriette, 171 Fed. Appx. 319, 2007 WL 690851 (11th Cir. 2006); United States v. Williams, 177 Fed. Appx. 914 (11th Cir. 2006); United States v. Curiale, 390 F.3d 1075 (8th Cir. 2004).

Cannion relies principally on United States v. Atwell, 46 Fed. Appx. 618 (11th Cir. 2002), in which the United States filed a Section 851 information that listed four predicate offenses to warrant enhancement.  However, not only were Atwell's offenses inaccurately described but, for example, one was a firearms crime that failed to qualify as a predicate drug offense. The other three offenses were marijuana offenses but the record was insufficient to permit categorization of one or more of the offenses as a felony, rather than a misdemeanor, marijuana offense.  Atwell presents an episode of intractable doubt about the substantive sufficiency of the predicate offenses to warrant enhancement and the palpable inadequacy of the record to resolve that doubt.  Atwell is an instance in which the United States failed to amend and correct the defects in the Section 851 information.  Atwell teaches little or nothing about the effectiveness of the initial or the amended Section 851 information in the instant case.

Cannion also cites United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999), in which the United States filed a purported Section 851 information that identified no conviction upon which the United States claimed to rely for enhancement.  The information asserted merely that upon conviction the United States would seek a Section 851 enhancement.  The United States later stated that a written statement of intent to offer the two state court judgments as evidence at trial substantially complied

with Section 851 by providing the defendant a written specification of the predicate

offenses.  The circuit court rejected this rationale, noting that "[n]othing was filed to

show which prior convictions, if any, the government intended to rely upon for

enhancement purposes."  In other words, the United States' filing wholly failed to

conform, even in a defective or clerically erroneous manner, with the requirement of a

written notice specifying the two pertinent predicate offenses that warrant enhancement.

Again, <u>Rutherford</u> teaches little or nothing about the sufficiency of the instant Section

851 information, which was timely filed, which contained an imperfect reference to the

two predicate drug offenses, and which was amended before the pronouncement of

sentence to correctly identify the offenses and to include a copy the judgment in each

predicate, state criminal case.

Although the initial Section 851 information results from a unfortunate episode of

inattentiveness by the pertinent Assistant United States Attorney(s), the information and

the amended information adequately trigger the district court's authority to enhance the

defendant's sentence under Section 841(b).  The defendant at all times has understood

exactly the nature of his circumstance and the clerical errors visit no prejudice or

disadvantage on the defendant in defending himself.  In <u>United States v. Thompson</u>,

473 F.3d 1137 (11th Cir. 2006), a case involving the failure of the United States to

provide a supplemental Section 851 information pertinent to six counts added by

superseding indictment after the mistrial of a five-count indictment, Judge Carnes

explains:

> [T]here are two reasons that § 851 requires the information to be filed
> "before trial" or before a guilty plea is entered.  [c-o]  One is that getting the
> warning and specification of the prior convictions then gives the defendant

> time to contest their accuracy.  [c-o]  . . .  The other reason the statute
> makes the government file the information before trial or entry of a guilty
> plea is that it gives the defendant "time to determine whether to enter a plea
> or go to trial and plan his trial strategy with full knowledge of the
> consequences of a potential guilty verdict."  [c-o]

473 F.3d at 1145.  Cannion has understood at all times that he faced a life sentence and upon which convictions that prospect was based; he has attacked the accuracy of the specifications and the qualification of the convictions to serve as predicate offenses. At the re-arraignment, he specifically and repeatedly acknowledged that in entering his guilty plea he assumed that he faced a life sentence.  He has collaterally attacked at least one of the predicate state criminal judgments.

This is not a case in which the United States has wholly failed to serve a notice and relied on either oral notice or the defendant's unaided knowledge of his own crimes. This is not a case in which the notice wholly fails to identify two predicate drug felonies by the defendant and offers only on a bland notice of intent to enhance under Section 841(b) without more.  This is not a case in which the United States committed clerical errors and highhandedly failed to correct the errors.  This is not a case of surprise or disadvantage or prejudice to the defendant.  This is simply a case in which the United States committed embarrassing clerical errors and, promptly upon realization, successfully undertook to correct the errors.  In fact and law, the first information satisfied the requirement of a Section 851 filing (as opposed to no filing), which is strictly enforced, and the second information satisfied the requirement of Section 851 to state the offenses correctly before sentencing, a goal that the United States may accomplish by amendment.

- 10 -

Cannion next argues "that the prior convictions referenced in the Government's information and amended information are not qualifying offenses and/or convictions under 21 U.S.C. Sections 841 and 851."  Apparently, this argument proceeds from the notion that a plea of <u>nolo</u> <u>contendere</u>, coupled with the withholding of adjudication and the imposition of community control, is not a qualifying drug felony under Section 841(b).  This argument is not maintainable after <u>United States v. Mejias</u>, 47 F.3d 401, 404 (11th Cir. 1995), which holds that "a nolo contendere plea to a state felony charge constitutes a prior conviction, even though the court withheld adjudication."  <u>See also United States v. Maupin</u>, ___ F.3d ___, 2008 WL 754645 (11th Cir. March 24, 2008) (construing a comparable requirement under 18 U.S.C. § 2252A); <u>United States v. Wilks</u>, 464 F.3d 1240 (11th Cir. 2006); <u>United States v. Spears</u>, 443 F.3d 1358 (11th Cir. 2006); <u>United States v. Anderson</u>, 328 F.3d 1326 (11th Cir. 2003); <u>United States v. Pinion</u>, 4 F.3d 941 (11th Cir. 1993).  Of course, Cannion violated community control, and the state court revoked his community control, adjudicated him guilty, and sentenced him to a term of years in prison (Gov't. Ex. 1 at December 20, 2007, hearing), all of which undoubtedly qualifies as a predicate drug offense under Section 841(b).

Finally, Cannion argues that:

[T]he prior convictions referenced in the Governments information and amended information were obtained in violation of the Constitution of the united States based on the fact that the defendants counsel were ineffective and/or that the pleas entered were not entered knowingly, voluntarily or intelligently after effective advice from counsel or the requisite interrogation of Mr. Cannion by the state court judges.

Cannion neither states this claim with particularity nor during the hearing pursuant to Section 851(c) offers any credible and probative evidence to support the claim, with respect to which Cannion bears the burden of proof.  Suffice to say that Cannion has not nearly carried that burden.

### **CONCLUSION**

In each respect, Cannion's objections (Docs. 86, 87, 93) are **OVERRULED**.[2]

ORDERED in Tampa, Florida, on March 26, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The United States filed the initial information (Doc. 58) on May 10, 2007.  Section 851(e) prohibits a "challenge" by Cannion to any conviction "which occurred more than five years before the date of the information alleging such prior conviction."